Fragoso, Plaintiff and Appellee, v. Marxuach, Defendant
and Appellant.

Appeal from the District Court of San Juan in an Action
of Nullity of Mortgage, Etc.

No. 2579.—Decided November 16, 1922.

Mortgage—Public Instrument—Signature and Seal of Notary—Third Person.—An original mortgage deed in which the date of its execution is written with a pencil and which is not signed, paraphed, nor sealed by the notary who attested it, is void, and its record in the registry by the presentation of a copy wherein the notary certified that the original was dated, signed, paraphed and sealed by him, is also void and can not affect a third person who acquired the mortgaged property free from encumbrances.

The facts are stated in the opinion.
*Messrs. Soto Gras & Siaca* for the appellant.
*Mr. E. H. F. Dottin* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of
the court.

Telemaco Fragoso brought this action for the annulment
of a certain deed creating a mortgage on an urban prop-
erty belonging to him and recorded in the registry. De-
fendant Acisclo Marxuach asserted his right to the mortgage
and to its record and on that issue the case was brought to
trial, judgment being finally rendered sustaining the com-
plaint. The defendant appealed and assigned only that the
court erred in rendering its judgment.

From the pleadings and the evidence together it appears
that on January 21, 1918, Ramón Miranda made a promis-
sory note in favor of plaintiff Telémaco Fragoso for the sum
of $1,000, payable on July 30, 1919. On default of payment
the payee protested the note before a notary on August 23,
1919, and brought an action in the district court on Sep-
tember 10, 1919, wherein judgment was rendered in favor
of the plaintiff on October 20, 1919. While the action of
debt against Miranda was pending, plaintiff. Fragoso moved
for and was granted an attachment to secure the effective-
ness of the judgment that might be rendered and the order

was sought to be executed by attaching in the registry a house and lot on Culto Street of Santurce, San Juan, P. R., belonging to the debtor. On October 6, 1919, the registrar refused to make the annotation requested because the property was not recorded in the name of Miranda, a cautionary notice for the legal period being entered.

Execution having been issued for the satisfaction of the judgment of October 20, 1919, the said property was sold at public auction on December 26, 1919, to the plaintiff for the sum of $800, to be deducted from the amount of the judgment. On January 12, 1920, a deed of sale was executed in favor of Fragoso. That deed is not recorded in the registry of property. When the property was sold at auction it was free from encumbrances in the registry and was not recorded in the name of Miranda, the debtor, but in the name of his predecessor in title. When the deed of sale was executed in favor of Fragoso, Marxuach had already presented his mortgage deed in the registry and its record had been refused by the registrar because the property was not recorded in the name of Miranda, the mortgagor, that is, for the same reason that he had previously refused to record the attachment in favor of Fragoso.

There is no doubt as to the dominion title of Miranda. Nor is there any doubt that his title was transferred to Fragoso, the plaintiff. The question is whether Fragoso acquired the property free from encumbrances or encumbered by Marxuach's mortgage. When and how was this mortgage created?

According to a certified copy of a deed issued by notary Manuel Paz Urdaz, on May 31, 1918, Ramón Miranda and Acisclo Marxuach appeared before him and the former mortgaged to the latter the property in question to secure a debt of $1,000. The copy shows the date of the deed and states that it was signed and sealed by the notary who attested it, the same Paz Urdaz.

This copy, as has been said, was presented in the registry on January 2, 1920, and its record was denied for the reason stated. It seems that later the house and lot were recorded in the name of Miranda and then on March 30, 1921, or more than a year thereafter, the mortgage in favor of Marxuach was recorded and this controversy arose.

If the copy of the mortgage deed were a true copy, we should settle the controversy at once by applying the rules of the Civil Code and the Mortgage Law, but before coming to that point it is necessary to inquire into and decide a fundamental question in connection with the original deed whereby the mortgage was created.

The copy states that the original deed is signed and sealed by the notary and on that basis the mortgage was recorded in the registry, but the fact is that in the original the date is written with a lead pencil and it is neither signed nor sealed by the notary.

That being the case, the question is whether it can be held that the mortgage was created by a public deed and, therefore, can be recorded in the registry as against third persons, or whether it is necessary to decide that it is simply a private document binding only upon the parties, in which case it could not be recorded in the registry nor prejudice third persons.

Section 9 of the Notarial Law, in force at the time of the execution of the mortgage deed and now, reads as follows:

"Section 9.—An original instrument is one drawn up by a notary upon the contract or writing submitted to him for authentication and which is signed by the parties thereto, the witnesses to the document, or those having knowledge of the facts, as the case may be, and authenticated by the notary with his written signature, mark and seal, no stamped signature being allowed."

Section 20 of the same law provides as follows:

"Section 20.—The following public instruments shall be null and void:

"First: Those in which the notary authorizing same has intervened as a party thereto, or which contain any provision in his favor.

."Second: Where the relatives of the parties concerned therein, or the relatives, clerks or servants of the notary authorizing the instrument, are witnesses thereto.

"Third: Those in which the notary fails to certify as to his knowledge of the parties, or to supply this deficiency with witnesses of identification, or where the signature of the parties and witnesses and the signature, mark and rubic of the notary, when requested, (*sic*) do not appear."

In the face of such clear and positive statutes there can be no more or less logical construction or such as may tend to insure the justice that may be involved in a particular case.

It can not be admitted, as the appellant maintains, that the fact that the same notary issued the copy over his signature and seal supplied the deficiency in the original. The original is the basis; what is kept; what forms the protocol; what remains in the notary's archives and later passes to the general archives. It is what can be relied on—the real public document from which the other public document called a copy emanates. The copy must agree with the original. To state in a copy something that does not exist in the original is simply a falsehood. It does not matter that the notary had the intention to sign. The law did not limit itself to intention, or to deduction, but required the actual signing and sealing at the very moment of the execution.

Hence, the mortgage deed being null and void as a public instrument, its record in the registry is also necessarily void. The contract is reduced to a private document which does not affect third persons. Fragoso acquired the property free from encumbrances and his right should be recognized by the courts.

For the reason stated the judgment appealed from must be

*Affirmed.*

Justices Aldrey, Hutchison and Franco Soto concurred.
Mr. Justice Wolf took no part in the decision of this case.